{¶ 1} Although I concur with the judgment and opinion of the majority, I write separately to emphasize the following.
{¶ 2} I agree that there are genuine issues of material fact that preclude summary judgment at this time. For example, there is conflicting evidence in the record as to who re-imposed appellant's suspended sentence and what the actual reasons were underlying the re-imposition. According to appellant, appellee reported that he had flunked the second drug test when the results were actually negative, and that this was the reason his suspended sentence was re-imposed. Appellee, however, argues that appellant's suspended sentence was re-imposed because during a search of appellant's home, marijuana was discovered.This distinction is important because if appellee misrepresented the results of appellant's second test, and that was the basis for appellant's arrest, appellee would not be entitled to immunity because it would be unreasonable for him to believe he had probable cause to arrest appellant if he himself fabricated the grounds for arrest. Scotto v. Almenas (1998), 143 F.3d 105,113. If, on the other hand, appellant was arrested because the search of his home turned up marijuana, appellee may be entitled to immunity as no one questions the validity of the search.
{¶ 3} Furthermore, there appears to be some confusion concerning who, if anyone, ordered appellant to be returned to custody. Also, neither party has provided an explanation with respect to why appellant was not brought before the trial court until six days after his arrest.
{¶ 4} Because there are genuine issues of material fact, the trial court should not have granted appellee summary judgment. In addition to those remaining issues set forth in the majority opinion, I would add the following: (1) did appellee misrepresent the true nature of appellant's second drug test; (2) if he did, was appellant arrested because the trial court believed he had flunked the second drug test; (3) precisely when was appellant arrested, i.e., was it before or after the search of his home; and (4) who actually re-imposed appellant's suspended sentence. Until these questions are answered, there is no way to determine if appellee is entitled to immunity for his actions.